Because the first, second and fourth Rule B requirements have been met, and Defendants have not met their burden to invalidate the third element, the Court will not vacate the writs of attachment at this time. The parties shall return to Magistrate Judge Schneider to resume the discovery process that has been stayed pending the resolution of Defendants' motion to dismiss.[6]
5. The viability of Plaintiffs' claims against Craig Samborski individually
Samborski argues that Plaintiffs' claims against him individually must be dismissed because Plaintiffs' complaint conclusorily names him as a defendant simply because he is the sole member of Draw Events LLC, which is insufficient to maintain a claim against him. Samborski also argues that Plaintiffs should be sanctioned under Federal Civil Procedure Rule 11 as well.
"In order to hold a corporate officer liable, a plaintiff must pierce the 'corporate veil,' which requires a showing that: (1) the corporation is organized and is operating as a mere instrumentality of a shareholder, (2) the shareholder uses the corporation to commit fraud, injustice or circumvent the law, and (3) the shareholder fails to maintain the corporate identity." Spark Innovators Corp. v. Tele Marketers, Inc., 2014 WL 2773661, at *7 (D.N.J. 2014) (citing Bd. of Trs. of Teamsters Local 863 Pension Fund v. Foodtown, Inc., 296 F.3d 164, 171-72 (3d Cir. 2002) ) (other citation omitted).
*375 The factors in determining whether to pierce the corporate veil have not been applied in equal force to individually held limited liability companies in light of their special characteristics, see Pactiv Corp. v. Perk-Up, Inc., 2009 WL 2568105, at *5 (D.N.J. 2009), and where appropriate, courts of New Jersey have looked beyond the corporate form to the functional reality behind it, see Star Video Entertainment, L.P. v. Video USA Associates 1 L.P., 253 N.J.Super. 216, 601 A.2d 724, 727 (1992).
Here, Plaintiffs name Samborski in their complaint because he is the sole member and owner of Draw Events, Samborski's address is the same as Draw Events (Samborski's home), and Plaintiffs communicated with Samborski to form their contracts. Based on these facts, the Court does not find Plaintiffs' claims against Samborski to be dismissible at this time.[7] In addition to discovery related to the garnishment and the actions of the garnishees, along with discovery concerning Draw Events' contacts with New Jersey for the traditional personal jurisdiction analysis, Plaintiffs should be entitled to some discovery into Samborski's actions relative to the corporate entity for which he is the sole member and owner. Because the Court will not dismiss Plaintiffs' claims against Samborski, Plaintiffs' naming of Samborski as a defendant is not sanctionable under Rule 11.[8]
CONCLUSION
The writs of attachment and garnishment will remain valid while the parties return to the discovery process, which shall include discovery related to Defendants' contacts with New Jersey, Samborski's operations as the sole member and owner of Draw Events, the circumstances surrounding the garnishee's agent's possession of the check written for Draw Events at the time the writ was served on Cooper's Ferry, and any other matters related to the substance of Plaintiffs'
*376 claims. The denial of Defendants' motion to dismiss will be without prejudice to their right after discovery to reassert their arguments or raise additional bases for the extinguishments of the writs, the dismissal of Plaintiffs' complaint on jurisdictional grounds, or a judgment in their favor on the substantive merits of Plaintiffs' claims.
An appropriate Order will be entered.

Plaintiffs filed a motion to compel the garnishees' answers to interrogatories, and Defendants and the garnishees filed a motion to stay Judge Schneider's consideration of that motion pending the resolution of Defendants' motion to dismiss because success on their motion would moot Plaintiffs' motion. Judge Schneider agreed. (Docket No. 51.) Judge Schneider also noted in his letter order:
As the Court also relayed to the parties on numerous occasions, the parties are urged to meet and confer to settle the case. The transaction costs to litigate the case will far exceed the amount in dispute. The parties' respective settlement demand and offer are close enough that the parties should be able to close the gap. The alternative is years of expensive litigation in a case that is likely to settle sooner or later.
(Id. ) Judge Schneider's observation is no less true today and is perhaps even more so in light of this Opinion.

It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Following the Twombly / Iqbal standard, the Third Circuit has instructed a two-part analysis in reviewing a complaint under Rule 12(b)(6). First, the factual and legal elements of a claim should be separated; a district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (citing Iqbal, 129 S.Ct. at 1950 ). Second, a district court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a " 'plausible claim for relief.' " Id. (quoting Iqbal, 129 S.Ct. at 1950 ). A complaint must do more than allege the plaintiff's entitlement to relief. Id.; see also Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008). Although the question is a close one, Plaintiff has alleged sufficient facts to make out a plausible claim of disregarding the corporate form.

Rule 11 provides,
By presenting to the court a pleading, written motion, or other paper-whether by signing, filing, submitting, or later advocating it-an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.
Fed. R. Civ. P. 11(b).